## GOOD ET UX. *v.* COMBS ET AL.

PRACTICE.—*Conflict in Testimony.*—Where there is a direct and irreconcilable conflict in the testimony, the weight of the evidence is for the jury, and the Supreme Court will not disturb the verdict.

From the Greene Common Pleas.

*J. D. Alexander*, for appellants.

*H. Burns*, for appellees.

BUSKIRK, J.—This was an action by the appellants against Benjamin F. East, John J. Combs, and the heirs of Sarah A. Watson, deceased, to enforce a vendor's lien on certain real estate owned by the said John J. Combs.

There was issue, trial by a jury, finding for the defendants, and, over a motion for a new trial, judgment on the verdict.

The error assigned calls in question the action of the court in overruling the motion for a new trial. The material facts are: The appellants sold to Sarah A. Watson certain real estate, and in part payment therefor she executed her note payable to Sarah Good for ninety-five dollars. The appellants conveyed such land and placed the grantee in possession. There was no mortgage taken or personal security given on such note. Afterward, the said Sarah A. Watson sold and conveyed such land to Benjamin F. East, who purchased with full notice that the purchase-money was unpaid; and as a part of the agreement he undertook and promised to pay to the appellants the note of the said Sarah A. Watson. He paid thirty dollars thereon. Subsequently East sold and conveyed the said land to John J. Combs, who was placed in possession and owned the same when this action was commenced. The complaint alleged that Combs purchased the land with knowledge of the facts hereinbefore stated. This was denied by Combs, who claimed to be a purchaser for value, and without any knowledge that the purchase-money from Watson to appellants was unpaid, or that East had agreed, as a part consideration of his purchase, to pay the said sum of money to the appellants. This was the issue to be tried, and the only issue, for it was and is conceded that the appellants had a vendor's lien on said land in the hands of Sarah A. Watson or Benjamin F. East.

We are asked to reverse the case upon the weight of the evidence. Mrs. Good testified with great certainty and positiveness to a state of facts which very clearly showed that Combs was a purchaser with notice that she held a lien on such land for unpaid purchase-money. She testified that shortly before Combs purchased the land from East, he came to her house and offered to purchase, at a discount, her note on Mrs. Watson, and that she refused to take less than its face, because she held a lien on such land.

Combs testified that when he purchased the land he had no knowledge of the existence of such note, and that he never went to the house of Mrs. Good and offered to purchase said note.

Mrs. Good testified that her daughter, Elizabeth, who then resided in the State of Illinois, was present when she and Combs had their conversation, but her testimony was not produced on the trial.

There were other facts and circumstances proved upon the trial which very strongly tended to corroborate the evidence of Mrs. Good; and while we may think the evidence preponderated in her favor, we cannot, for that reason, reverse the judgment, without violating the long and well settled practice of this court. There was a direct and irreconcilable conflict in the testimony. The weight of the evidence was for the jury, and we cannot disturb their verdict. *The Madison, etc., Railroad Co.* v. *Taffe,* 37 Ind. 361, and cases there cited.

The judgment is affirmed, with costs.